# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2024-0832
Lower Tribunal No. 2023-CF-001656-A-O

_____

JOSHUA ALEXIS JUSTINIANO-NAZARIO,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Case No. 6D2024-0863
Lower Tribunal No. 2023-CF-003118-A-O

_____

WILLIE FRANK MORGAN, III,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeals from the Circuit Court for Osceola County.
Keith A. Carsten, Judge.

Case No. 6D2024-0968
Lower Tribunal No. 2017-CF-001652-A-O

_____

MINH LAM,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Orange County.
Leticia Marques, Judge.

January 24, 2025

ON MOTIONS TO ENFORCE

TRAVER, C.J.

In these cases addressed together to resolve identical motions, the Public Defender for the Tenth Circuit ("PD10") seeks to enforce our orders granting its motions to supplement the appellate record on behalf of its indigent clients. *See* Fla. R. App. P. 9.200(e). Although the Chief Judge of the Ninth Judicial Circuit, acting in her official capacity, raises meritorious questions about the utility of PD10's supplementation requests, we grant PD10's motions because Florida Rule of Appellate Procedure 9.600 compels it.

2

This issue first arose when PD10 engaged in its regular practice of seeking to supplement the appellate record following its transmission to this Court.[1] *See* Fla. R. App. P. 9.140(f)(1). Citing Florida Rule of Appellate Procedure 9.200(f), PD10 asserted, without explanation, that it needed to supplement the record on appeal. PD10 then listed a series of items that, with one exception, were transcripts of not-yet-transcribed trial court hearings. Contemporaneously, PD10 filed supplemental transcript designations in the trial court.

We granted PD10's requests, directing it to arrange with the lower tribunal clerk to supplement the records with the items listed in PD10's motions. These orders also set deadlines for the supplemental record's transmission and the initial brief's deadline. The Chief Judge, however, treated PD10's supplemental transcript designations as facially insufficient motions to "expand the transcripts," which she denied without prejudice. *See* Fla. R. App. P. 9.140(f)(2)(B). She noted that because the transcripts would be prepared at taxpayer expense, PD10 should outline a good-faith basis for its request. Relying on a recent decision from our sister court, the Chief Judge concluded that rule 9.140(f)(2)(B) required PD10 to make this showing before it could obtain an official transcript. *See Dubose v. State*, 359 So. 3d 368, 372 (Fla. 1st DCA 2023). The Chief Judge noted that PD10 could obtain electronic

---

[1] PD10 handles all circuit and county court appeals on behalf of the Public Defender for the Ninth Circuit. *See* § 27.51(4)(b), Fla. Stat. (2024).

rough draft transcripts or audio recordings of the hearings for free, and then specify the reason it needed official transcripts for its appeals.

PD10 moved to enforce our supplementation orders. *See* Fla. R. App. P. 9.200(e). It argued that because we had docketed the appellate record in each case, the trial court had lost jurisdiction to render orders on matters relating to these appeals. *See* Fla. R. App. P. 9.600(a). It also urged us to certify conflict with *Dubose*, claiming that the First District ignored rule 9.600(a)'s plain text, disregarded PD10's *Anders*[2] obligations, and misapprehended PD10's payment arrangements with the Ninth Judicial Circuit for public transcripts. We entered a detailed briefing order, requiring responses from the State, the Orange County Clerk of Court, and the Osceola County Clerk of Court. We offered the Chief Judge an opportunity to respond and directed PD10 to file a reply. Each entity filed detailed submissions, which we carefully analyzed.[3]

We conclude that the Chief Judge lacked jurisdiction to deny PD10's transcription requests absent an order that relinquished jurisdiction to the trial court. *See* Fla. R. App. P. 9.600(a). Rule 9.600(a) grants the trial court concurrent

---

[2] *Anders v. California*, 386 U.S. 738 (1967).

[3] In addition to these three cases, we originally entered identical briefing orders in seven other cases. But we have since denied PD10's motions to enforce in those cases as moot—six because the court reporters transcribed the transcripts and one because the trial court hearing had not been recorded.

4

jurisdiction with appellate courts "to render orders on any other procedural matter relating to this cause" until the appellate record is docketed. After that time, the trial court may only proceed with an appellate court's permission. *See* Fla. R. App. P. 9.600(b); *see also Witham v. State*, 311 So. 3d 34, 34 n.1 (Fla. 4th DCA 2021) ("The rules do not preclude the early filing of the record, but this cuts off the trial court's concurrent jurisdiction to enter ministerial orders.").

We acknowledge the Chief Judge's concern over the efficient use of taxpayer dollars. And we share her confusion as to why PD10 sought certain transcripts. For example, it demanded transcripts of multiple status hearings where the trial court took no evidence and issued no substantive ruling. PD10 offers no compelling explanation why it could not avail itself of free materials to determine whether these hearings could advance any appellate argument it might make on its clients' behalf. In *Dubose*, the First District denied in part the Public Defender for the Eighth Circuit's supplementation request, expressing similar concerns about the waste of taxpayer dollars and the failure to use free resources to determine potential appellate issues. *See* 359 So. 3d at 372. Because *Dubose* involved a different procedural posture, we decline PD10's invitation to certify conflict with it.[4] Similarly, none of

---

[4] We note, however, that the Appellate Rules Committee proposed an amendment to rule 9.140 in response to a Florida Supreme Court referral letter referencing *Dubose*. *See In re: Amends. to Fla. R. App. P. 9.140*, No. SC2024-0398 (filed Mar. 18, 2024). That case remains pending.

PD10's supplementation requests referenced its *Anders* obligations to master the trial record, so we do not consider that issue. *See McCoy v. Ct. of Appeals of Wisc., Dist. 1*, 486 U.S. 429, 438 (1988). Finally, we observe that disputes between PD10 and the Ninth Judicial Circuit relating to the funding and cost-sharing of due process costs is a matter properly addressed by the Florida Legislature. We merely note that this Court may give more careful consideration to PD10's future supplementation requests, as well as the Chief Judge's request that going forward, we relinquish jurisdiction to the trial court to consider supplementation requests and enter a prompt ruling.

We grant PD10's motions to enforce. If the materials contained in PD10's motions to supplement have not yet been transcribed, the Ninth Circuit's court reporters must transcribe and transmit them to the lower tribunal clerk within twenty-five days of this opinion's issuance. The lower tribunal clerk must transmit the supplemental record within thirty days. PD10's initial briefs are due within twenty days of the supplemental record's transmission. Noting the nature of the supplemental records requested and PD10's ample time to review the record and transcripts in these cases, motions for enlargement of time will be disfavored.

GRANTED.

STARGEL and WOZNIAK, JJ., concur.

6

Blair Allen, Public Defender, and Daniel Muller, Assistant Public Defender, Bartow, for Appellants.

Attorney General, Tallahassee, and Richard A. Pallas, Jr., Assistant Attorney General, Daytona Beach, for Appellees.

Nicholas A. Shannin, of Shannin Law Firm, P.A., Orlando, for Orange County Clerk of Courts, Tiffany Moore Russell.

Christopher Mack, General Counsel, Kissimmee, for Osceola Clerk of the Circuit Court & County Comptroller, Kelvin Soto, Esq.

The Honorable Lisa T. Munyon, Chief Judge of the Ninth Judicial Circuit, Orlando.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED